**Peter S. ROSI, M.D., Appellant,**

v.

**STATE MEDICAL BOARD, and Alaska State Division of Occupational Licensing, Appellees.**

**No. 7108.**

Supreme Court of Alaska.

June 10, 1983.

A. Lee Petersen, A. Lee Petersen, Inc., Anchorage, for appellant.

Richard D. Monkman, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellees.

---

Before BURKE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ., and CUTLER, Superior Court Judge.*

OPINION

PER CURIAM.

This appeal is taken from the superior court's affirmance of a decision by the State Medical Board placing certain conditions upon Dr. Peter S. Rosi's license to practice medicine on the ground that Dr. Rosi was professionally incompetent.[1] Dr. Rosi's license was conditioned upon his seeking out further training during the year following the board's order, and upon Dr. Rosi's submission of the records of all his obstetrical cases during the next year to a physician of Dr. Rosi's choice, who in turn would inform the board of Dr. Rosi's ongoing competence.

The board's decision to place conditions upon Dr. Rosi's license followed its determination that Dr. Rosi "committed a serious error in judgment" following the home birth of an infant, and that this error constituted "professional incompetence."

In brief, Dr. Rosi's error, as found by the board, was his failure immediately to hospitalize the newborn child, who was born seriously ill due to meconium aspiration.[2] Dr. Rosi delayed approximately six hours in getting the baby to the hospital, where the baby died.

 In this appeal, Dr. Rosi advances four specifications of error.[3] We have concluded that resolution of this appeal is controlled by our recent decision in *Storrs v. State Medical Board,* 664 P.2d 547 (Alaska 1983). We therefore uphold the superior court's affirmance of the State Medical Board's decision in the case at bar for the reasons stated in *Storrs.*

AFFIRMED.[4]

---

* Cutler, Superior Court Judge, sitting by assignment made pursuant to Article IV, section 16 of the Constitution of Alaska.

1. The board's decision and order provided as follows:

   IT IS THEREFORE ORDERED that Dr. Peter Rosi is allowed to hold his Alaska license to practice medicine but under two conditions:
   1. It is a condition of his license to practice medicine in Alaska that he submit a plan for further training in neonatalogy to this board within six (6) months for approval. Dr. Rosi is to execute that plan within six (6) months of board approval of the plan.
   2. Dr. Rosi is to submit all records of his obstetrical cases to a physician of his choice for a period of twelve (12) months beginning immediately. He shall submit the name and qualifications of the supervising physician to the board for approval. That physician shall submit quarterly reports to the board for up to one year, as determined by the board, informing the board that Dr. Rosi has or has not performed in a competent manner.

2. Meconium aspiration is the inhalation by a newborn infant of its own waste product.

3. In his first two specifications of error Dr. Rosi asserts that the board's decision is arbitrary and capricious, constituting an abuse of discretion as well as lacking any reasonable basis in law. Dr. Rosi's primary claim here is that the standard of "professional incompetence" set out in AS 08.64.330(b) and 12 AAC 40.970 is unconstitutionally vague and in actuality is no standard at all. In *Storrs* we rejected parallel arguments. *See also Storrs v. Lutheran Hospitals,* 661 P.2d 632 (Alaska 1983), where we concluded that there was no merit in the argument that it was a violation of a doctor's right to due process to suspend his hospital privileges based upon his gross negligence in a single case.

   Dr. Rosi's third specification of error alleges that the board violated AS 44.62.500(b) of the Administrative Procedure Act in allowing the hearing officer to be present during the board's closed executive session. A similar argument was found lacking in merit in *Storrs.*

   Dr. Rosi's fourth specification of error embodies his claim that he should be awarded full attorney's fees and costs since he is a public interest litigant. This same position was urged and rejected in *Storrs.*

4. Inherent in this opinion is the conclusion that there is a clear distinction between the standard of culpable negligence for criminal prosecutions under AS 11.15.080 and the licensure standard of professional incompetence. Also, there are differing burdens of proof in the two types of proceedings. Thus, Dr. Rosi's acquittal of a criminal charge of manslaughter is not determinative of the question of professional incompetence which is at issue here.